1
2
3
4
5
6

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDRA SEEGERT, individually and on behalf of all other similarly situated,<br><br>           Plaintiff,<br><br>v.<br><br>REXALL SUNDOWN, INC.,<br><br>           Defendant. | Case No.:  17cv1243-JAH (JLB)<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS (Doc. No. 17) AND MOTION TO STRIKE (Doc. No. 18) |

**INTRODUCTION**

Pending before the Court are Defendant Rexall Sundown Incorporated's ("Defendant") motion to dismiss and motion to strike Plaintiff Sandra Seegert's ("Plaintiff") class action complaint ("Complaint") pursuant to Rules 12(b)(6) and 12(f) of the Federal Rules of Civil Procedure.  Doc. Nos. 17, 18.  Defendant also requests the Court to take judicial notice of specific documents.  Doc. No. 19.  Plaintiff filed oppositions to both motions.  Doc. Nos. 24, 25.  After a careful review of the pleadings filed by both

1

parties, and for the reasons set forth below, the Court **GRANTS** Defendant's motion to dismiss, motion to strike, and request for judicial notice.

## FACTUAL BACKGROUND

Plaintiff alleges Defendant engaged in false and misleading advertising of four Osteo Bi-Flex dietary supplements. Doc. No. 1. at pg. 2. Plaintiff posits that Defendant falsely claims the products promote joint health. Id. Plaintiff contends that on February 20, 2017, Plaintiff purchased one of Defendant's products, Osteo Bi-Flex Triple Strength, in reliance on the product's advertising. Id. at pg. 3. Plaintiff alleges the product did not provide "meaningful joint health benefits" and was falsely, deceptively, and misleadingly advertised. Id.

Plaintiff argues that Defendant violated three California statutes: (1) California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200; (2) California's Consumers Legal Remedies Act, Cal. Civ. Code § 1750; and California's False Advertising Law, Cal. Bus. & Prof. Code § 17500. Doc. No. 1 at pgs. 21-27. Plaintiff presents allegations on behalf of herself and a putative class of similarly situated individuals. Id. Specifically, Plaintiff asserts that Defendant falsely advertises four products: Osteo Bi- Flex One Per Day; Osteo Bi-Flex Triple Strength; Osteo Bi-Flex Triple Strength MSM; and Osteo Bi-Flex Triple Strength with Vitamin D. Id. at pgs. 4-5. Plaintiff argues that none of the four products achieve their intended purpose, to support or benefit joint health. Id. Plaintiff requests restitution, disgorgement, injunctive relief, attorney's fees, and interest on damage awards. Id. at pg. 28.

## PROCEDURAL BACKGROUND

Plaintiff filed her Complaint on June 19, 2017, on behalf of herself and a putative class. Doc. No. 1. On August 14, 2017, Defendant filed a motion to dismiss Plaintiff's Complaint. Doc. No. 17. The same day, Defendant filed a motion to strike. Doc. No. 18. Defendant also filed a request for judicial notice. Doc. No. 19. On October 9, 2017, Plaintiff filed a response in opposition to Defendant's motion to dismiss. Doc. No. 22. On

17cv1243-JAH (JLB)

the same day, Plaintiff filed a response in opposition to Defendant's motion to strike.  Doc. No. 24.

## LEGAL STANDARD

### I.     Federal Rule of Civil Procedure 12(b)(6)

A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the complaint. Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001).  Dismissal is warranted under Rule 12(b)(6) where the complaint lacks a cognizable legal theory or fails to allege sufficient facts to support a cognizable legal theory.  Li v. Kerry, 710 F.3d 995, 999 (9th Cir. 2013). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  A claim is facially plausible when the factual allegations permit "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678.  In other words, "the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."  Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009) (citing *Iqbal*, 556 U.S. at 678).  "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  Iqbal, 556 U.S. at 679.

In reviewing a motion to dismiss under Rule 12(b)(6), a court must assume the truth of all factual allegations and construe the factual allegations in the light most favorable to the nonmoving party.  Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337–38 (9th Cir. 1996). However, legal conclusions need not be taken as true merely because they are "cast in the form of factual allegations."  Ileto v. Glock Inc., 349 F.3d 1191, 1200 (9th Cir. 2003).  "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 557).  The court may consider facts alleged in the complaint, documents attached to the complaint, documents relied upon but not attached to the complaint when authenticity is not contested, and

3

matters of which the court takes judicial notice. <u>Lee v. City of Los Angeles</u>, 250 F.3d 668, 688–89 (9th Cir. 2001). If a court determines that a complaint fails to state a claim, the court should grant leave to amend unless it determines that the pleading could not possibly be cured by the allegation of other facts. <u>Doe v. United States</u>, 58 F.3d 494, 497 (9th Cir. 1995).

## II.  Federal Rules of Civil Procedure 8

Rule 8 of the Federal Rules of Civil Procedure provides that in order to state a claim for relief in a pleading it must contain "a short and plain statement of the grounds for the court's jurisdiction" and "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(1) & (2). "The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the defendant-unlawfully-harmed me accusation." <u>Iqbal</u>, 556 U.S. at 678 (quoting <u>Twombly</u>, 550 U.S. at 555).

## III.  Federal Rule of Civil Procedure 9(b)

Under Rule 9(b) of the Federal Rules of Civil Procedure, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Under Ninth Circuit case law, Rule 9(b) imposes two distinct requirements on complaints alleging fraud. First, the basic notice requirements of Rule 9(b) require complaints pleading fraud to "state precisely the time, place, and nature of the misleading statements, misrepresentations, and specific acts of fraud." <u>Kaplan v. Rose</u>, 49 F.3d 1363, 1370 (9th Cir. 1994); see also <u>Vess v. Ciba-Geigy Corp.</u>, U.S.A., 317 F.3d 1097, 1106 (9th Cir. 2003) (citation omitted) (stating that a plaintiff must set forth the "who, what, when, where and how" of the alleged misconduct). Second, Rule 9(b) requires that the complaint "set forth an explanation as to why the statement or omission complained of was false or misleading." <u>Yourish v. California Amplifier</u>, 191 F.3d 983, 993 (9th Cir. 1999) (citation and quotation omitted).

//

//

4

## IV. Federal Rule of Civil Procedure 12(f)

A party may move to strike from a pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." See Sidney-Vinstein v. A.H. Robins Co., 697 F.2d 880, 885 (9th Cir. 1983). Motions to strike are generally disfavored, unless "it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation." See LeDuc v. Kentucky Central Life Ins. Co., 814 F. Supp. 820, 830 (N.D. Cal. 1992); Cairns v. Franklin Mint Co., 24 F. Supp. 2d 1013, 1037 (C.D. Cal. 1998); See also Colaprico v. Sun Microsystems, 758 F. Supp. 1335, 1339 (N.D. Cal. 1991).

## DISCUSSION

The Court first addresses whether Plaintiff and the class have standing to assert their claims against Defendant. The Court will then address whether Plaintiff has properly plead her allegations under the heightened standard of Federal Rule of Civil Procedure 9(b).

## I. Motion to Dismiss

### a. Plaintiff's Standing

Defendant argues Plaintiff lacks standing to assert claims for products she did not purchase and representations she did not rely on. Defendant also contends Plaintiff lacks standing for injunctive relief because Plaintiff faces no imminent or future harm.

A federal court's judicial power is limited to "cases" or "controversies." U.S. Const., Art. III § 2. A necessary element of Article III's "case" or "controversy" requirement is that a litigant must have "'standing' to challenge the action sought to be adjudicated in the lawsuit." Valley Forge College v. Americans United for Separation of Church and State, Inc., 454 U.S. 464, 471 (1982); LSO, Ltd. v. Stroh, 205 F.3d 1146, 1152 (9th Cir. 2000). To satisfy the standing requirement, both the UCL and the CLRA require a plaintiff to allege they have suffered economic injury and that the economic injury was caused by the

5

unfair business practice or false advertising that is the mainstay of the claim. See Kwikset Corp. v. Superior Court, 51 Cal.4th 310, 321 (2011); Stearns v. Ticketmaster Corp., 655 F.3d 1013 (9th Cir. 2011).

The "irreducible constitutional minimum" of Article III standing has three elements. LSO, 205 F.3d at 1152 (internal quotations omitted). First, plaintiff must have suffered "an injury in fact — an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual and imminent, not conjectural or hypothetical." Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992) (internal citations and quotations omitted). Second, plaintiff must show a causal connection between the injury and the conduct complained of; *i.e.,* "the injury has to be fairly . . . trace[able] to the challenged action of the defendant, and not . . . th[e] result [of] the independent action of some third party not before the court." Id. (quoting *Simon v. Eastern Ky. Welfare Rights Organization*, 426 U.S. 26, 41-42 (1976))(alterations in original). Third, it must be "likely," and not merely "speculative," that the plaintiff's injury will be redressed by a favorable decision. Id. at 561. If the Court finds plaintiff lacks Article III standing, it must dismiss plaintiff's claim. Nichols v. Brown, 859 F. Supp. 2d 1118. 1127 (C.D. Cal. 2012).

Here, Defendant points out that Plaintiff admits she only relied on an advertisement for one of Defendant's four products. Doc. No. 17-1 at pgs. 26-27. Defendant argues Plaintiff cannot assert claims for the three other products she did not purchase. Id. Defendant further contends that Plaintiff's Complaint references advertisements that Plaintiff never read. Id. at pg. 27. For example, Plaintiff challenges three products she never purchased: Osteo Bi-Flex Triple Strength MSM, Osteo Bi-Flex One Per Day, and Osteo Bi-Flex Triple Strength with Vitamin D. Id. at pgs. 26-27. However, Plaintiff never relied on advertisement for these products. Id.

Defendant also posits that numerous district courts in the Ninth Circuit now implement a bright line rule where the named plaintiff of a putative class action "cannot expand the scope of his claims to include a product he did not purchase or advertisements relating to a product that he did not rely upon." Id.; see also Johns v. Bayer Corp., No.

6

09CV1935DMSJMA, 2010 WL 476688 (S.D. Cal. Feb. 9, 2010); <u>Granfield v. NVIDIA Corp.</u>, No. C 11-05403 JW, 2012 WL 2847575 (N.D. Cal. July 11, 2012); <u>Hairston v. S. Beach Beverage Co.</u>, No. CV 12-1429-JFW DTBX, 2012 WL 1893818 (C.D. Cal. May 18, 2012).

In response, Plaintiff maintains that she has standing. Doc. No. 22 at pgs. 23-30. Plaintiff argues that while she only purchased one of Defendant's four products, Defendant's business practice is consistent across all four products. <u>Id.</u> at pg. 26. Plaintiff contends all four products are advertised in a similar fashion and contain the same main ingredient, glucosamine hydrochloride. <u>Id.</u> Plaintiff also argues that she has standing to seek injunctive relief because fraud impacts the market wholly. <u>Id.</u> at pg. 24. Plaintiff contends she is filing suit on behalf of the class of people impacted by Defendant's actions. <u>Id.</u> at pg. 26.

The Court finds Plaintiff lacks standing to assert a claim in the instant matter. While the standard for reviewing standing at the pleading stage is lenient, the Court reiterates that a plaintiff cannot rely solely on conclusory allegations of injury or ask the court to draw unwarranted inferences in order to find standing. See <u>Schmeir v. U.S. Ct. of Appeals for the Ninth Cir.</u>, 279 F.3d 817, 820 (9th Cir. 2001). Plaintiff fails to demonstrate how Defendant's advertisement of its product, Osteo Bi-Flex Triple Strength, is false or misleading. Plaintiff fails to specifically mention any of the challenged labels in her Complaint. Doc. No. 17-1 at pg. 8. Defendant's products do not purport to treat osteoarthritis or any other joint-related disease. <u>Id.</u> at pg. 6. Plaintiff also fails to show that her cited scientific studies are relevant or that the active ingredients in Defendant's products do not deliver promised results. <u>Id.</u> at pgs. 18-23. As to Defendant's three other products, Plaintiff fails to show how she was injured by products she did not come across or purchase. Plaintiff also fails to demonstrate that she faces "imminent harm" pursuant to the requirements necessary for injunctive relief.

//

//

7

### b. Rule 9(b) Standard

Defendant also argues that Plaintiff's claims fail because Plaintiff has not plead her claims with the specificity required under Rule 9(b). Doc. No. 17-1 at pgs. 23-25. Claims grounded in fraud must set forth allegations "specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong." See Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1103–04, 1108 (9th Cir. 2003) (applying Rule 9(b) when the allegations in the complaint described fraudulent conduct); In re Sony Gaming Networks & Customer Data Sec. Breach Litig., 903 F. Supp. 2d 942, 967, n. 20 (S.D. Cal. 2012) ("Rule 9(b)'s heightened pleading standards apply equally to claims for violation of the UCL . . . that are grounded in fraud"). As noted above, under Rule 9(b) of the Federal Rules of Civil Procedure, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." This requires allegations of fraud to include the "who, what, when, where, and how" of the circumstances giving rise to the claim. Cooper v. Pickett, 137 F.3d 616, 627 (9th Cir. 1997) (citation omitted).

Defendant argues that Plaintiff's Complaint pleads generally vague and conclusory allegations, which fail to identify the "who, what, when, where and how" of Defendant's misconduct. Doc. No. 17-1 at pgs. 23-24. Defendant argues that Plaintiff fails to allege how Defendant's advertisement was false or misleading. Id. at pg. 24. Defendant posits that Plaintiff fails to state if she used Defendant's product; followed the product's instructions; why she took the product; what she expected from the product; and whether the product was effective. Id.

In response, Plaintiff maintains that the Complaint meets the standards of Rule 9(b). Doc. No. 22 at pg. 22. Plaintiff contends she properly alleged deficiencies in the product she purchased; when and where she made this purchase; how Defendant's false advertising deceived her; and why Defendant's representations are untrue. Id.

The Court finds Plaintiff fails to sufficiently allege the "who, what, where, how and why" of Defendant's misconduct. The pleadings do not allege with specificity how

8

Defendant misrepresented its product. In addition, the pleadings do not provide specific examples demonstrating Defendant has misrepresented its product. Plaintiff fails to demonstrate that the cited scientific studies are relevant to Defendant's products. Doc. No. 17-1 at pgs. 18-20. Plaintiff also fails to show that Defendant's products do not achieve the intended purpose. Id. at pgs. 18-23. Thus, the Court finds that Plaintiff's Complaint does not demonstrate Plaintiff has plead with particularity sufficient to meet the 9(b) heightened standard.

## II.    Motion to Strike

Defendant moves to strike Plaintiff's class definition and allegations relating to standing as factually insufficient.[1] Defendant argues that Plaintiff's class includes putative class members that have already settled their claims against Defendant and thus lack standing. Doc. No. 18-1 at pgs. 9-12.

Specifically, Defendant argues that Plaintiff's class definition includes members that have not been injured and do not have standing to sue. Doc. No. 18-1 at pg. 10. Defendant contends that Plaintiff's class definition includes individuals that have already settled their case in Pearson v. NBTY Inc., No. 11-cv-7972 (N.D. Ill.). Id. Defendant posits that these individuals from the Pearson settlement lack standing to sue. Id. at pgs. 11-12.

In response, Plaintiff states she does not oppose modifying the class definition to exclude all transactions covered by the Pearson settlement. Doc. No. 24 at pg. 2. Plaintiff suggests her class definition can change, including to "[a]ll persons who purchased in the state of California any of the following products between January 19, 2016, and the date of notice of this class action…" Id.[2]

---

[1] Because the Court has already addressed Plaintiff's standing relating to allegations involving products she did not purchase, the Court will solely address Defendant's motion to strike Plaintiff's class definition.

[2] The Court will not accept Plaintiff's intention to modify the class definition by way of her response. Any modification should be undertaken in an amended complaint.

9

For the reasons stated in Section I (a) above, Plaintiff cannot assert claims for products she did not purchase regardless of whether members of the putative class participated in the <u>Pearson</u> settlement.  <u>Id.</u>

Here, Plaintiff fails to prove that all members of her class definition have been injured and/or have standing pursuant to Article III.  Members of the class must have the same interest and suffer the same injury as other class members.  Fed. R. Civ. P. 23.  Thus, the Court **GRANTS** Defendant's motion to strike the class definition pursuant to FRCP Rule 12(f).

### III.    <u>Request for Judicial Notice</u>

Defendant filed a request for judicial notice.  Doc. No. 19.  This Court may take judicial notice of an adjudicative fact "not subject to reasonable dispute because it can be…accurately and readily determined from sources whose accuracy cannot be reasonably questioned."  See Fed. R. Evid. 201; <u>Grason Elec. Co. v. Sacramento Mun. Util. Dist.</u>, 571 F. Supp. 1504, 1521 (E.D. Cal. 1983).

Defendant seeks judicial notice of product labelling and various documents.  The documents Defendant submits for judicial notice include packaging and labeling for four Osteo products (Exhibits 1-4) and documents from <u>Pearson</u> (Exhibits 5-14).  Doc. No. 19. Because the request of judicial notice is capable of accurate and ready determination from sources whose accuracy cannot be reasonably questioned and the parties do not dispute the authenticity of the document, Defendant's request for judicial notice is **GRANTED**.

//

//

//

//

//

//

//

//

10

1
2

## **CONCLUSION AND ORDER**

3      Based on the foregoing reasons, **IT IS HERBEY ORDERED THAT** Defendant's
4   motion to dismiss Plaintiff's Complaint (Doc. No. 17) is **GRANTED**, and Plaintiff's
5   claims are **DISMISSED WITHOUT PREJUDICE**.  Accordingly, Defendant's motion to
6   strike (Doc. No. 18) is **GRANTED** as well.  To the extent that Plaintiff is able to cure the
7   noted deficiencies, Plaintiff may file a second amended complaint within **30 days** of this
8   order.

9

10  DATED:    December 1, 2017

11
12  _____
         JOHN A. HOUSTON
13       United States District Judge

14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

11