| | |
|---|---|
| SANDRA SEEGERT, individually and on behalf of all other similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>REXALL SUNDOWN, INC.,<br><br>Defendant. | Case No.: 3:17-cv-1243-JAH-JLB<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS** |
UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

SANDRA SEEGERT, individually and on behalf of all other similarly situated,

    Plaintiffs,

v.

REXALL SUNDOWN, INC.,

    Defendant.

Case No.: 3:17-cv-1243-JAH-JLB

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS**

## **INTRODUCTION**

Presently before the Court is Defendant Rexall Sundown, Inc.'s ("Defendant" or "Rexall") Motion to Dismiss Plaintiff Sandra Seegert's ("Plaintiff") First Amended Complaint ("FAC") pursuant to Federal Rules of Civil Procedure 8, 9(b), 12(b)(1), and 12(b)(6). [Doc. No. 34]. In addition, Defendant requests the Court take judicial notice of several exhibits attached in support of its Motion to Dismiss. [Doc. No. 34–2]. The motion has been fully briefed. After careful consideration of the pleadings, and for the reasons set forth below, Defendant's Motion to Dismiss is **DENIED**.

\\
\\
\\
1

# BACKGROUND

Plaintiff brings this class action complaint on behalf of herself, and all others similarly situated, alleging that Defendant violated two California statutes: (1) California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200; and (2) California's Consumers Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1750. See Doc. No. 31.

## I. Factual History

Defendant distributes and sells a line of "joint health" supplements marketed by the product name "Osteo Bi-Flex." Doc. No. 31, ¶ 2. Defendant offers four different types of Osteo Bi-Flex products: (1) Osteo Bi-Flex One Per Day, (2) Osteo Bi-Flex Triple Strength, (3) Osteo Bi-Flex Triple Strength MSM formula, and (4) Osteo Bi-Flex Triple Strength with Vitamin D. Id. at ¶ 15. Plaintiff alleges that on February 20, 2017 she purchased Defendant's Osteo Bi-Flex Triple Strength product while shopping at a Walgreens store in San Diego, California. Id. at ¶ 11. Plaintiff further alleges that she purchased Defendant's product believing it would provide the joint health benefits that it advertised, including relief from joint pain and increased joint mobility. Id. at ¶ 12. Defendant advertises and markets its four Osteo Bi-Flex products as having the ability to provide meaningful joint health benefits.[1] Id. at ¶ 3. Plaintiff asserts that these claims constitute false and misleading advertising because the Osteo Bi-Flex products are "incapable of supporting or benefitting the health of human joints." Id. at ¶ 5. In support, Plaintiff cites to numerous clinical trials

---

[1] Plaintiff asserts that on the label of each of the Osteo Bi-Flex products Defendant "prominently and in all caps" displays the words "Joint Health," "Glucosamine," and "Joint Shield" as well as the phrase: "Shows Improved Joint Comfort within 7 days!" Doc. No. 31, ¶ 3. In addition, Plaintiff alleges that Defendant reinforces their overall joint health benefit message by representing that Osteo Bi-Flex can help with: (1) "range of motion," (2) "strengthen joints", (3) "support flexibility," (4) "support mobility," (5) "supports joint comfort," (6) "defend your joints," and (7) "helps strengthen joints while helping to maintain joint cartilage essential for comfortable joint movement." Id. at ¶ 25. Finally, Plaintiff alleges that Defendant labels the Osteo Bi-Flex products as the "#1 Pharmacist Recommended Brand," which "adds credibility" and "provides consumers with a 'reason to believe' " the representations made by Defendant. Id. at ¶ 26.

2

and studies which demonstrate that the main ingredients in Osteo Bi-Flex are ineffective and unable to produce "joint health benefits." Id. at ¶ 34.

## II. Procedural History

Plaintiff filed her initial complaint on June 19, 2017. [Doc. No. 1]. On August 14, 2017, Defendant filed a motion to dismiss and motion to strike Plaintiff's complaint. [Doc. Nos. 17, 18]. On December 1, 2017, this Court granted Defendant's motion to dismiss and motion to strike, dismissing Plaintiff's claims without prejudice. [Doc. No. 30]. On December 29, 2017, Plaintiff filed a FAC, to which Defendant filed this pending Motion to Dismiss. [Doc. Nos. 31, 34]. The Court has received an opposition from Plaintiff and a reply from Defendant. [Doc. Nos. 35, 37].

## LEGAL STANDARD

### I. Federal Rule of Civil Procedure 12(b)(1)

Under Rule 12(b)(1) of the Federal Rules of Civil Procedure, a defendant may seek to dismiss a complaint for lack of jurisdiction over the subject matter. The federal court is one of limited jurisdiction. See Gould v. Mutual Life Ins. Co. v. New York, 790 F.2d 769, 774 (9th Cir. 1986). As such, it cannot reach the merits of any dispute until it confirms its own subject matter jurisdiction. See Steel Co. v. Citizens for a Better Environ., 523 U.S. 83, 95 (1998). When considering a Rule 12(b)(1) motion to dismiss, the district court is free to hear evidence regarding jurisdiction and to rule on that issue prior to trial, resolving factual disputes where necessary. See Augustine v. United States, 704 F.2d 1074, 1077 (9th Cir. 1983).

#### a. Standing

A necessary element of Article III's "case" or "controversy" requirement is that a litigant must have "'standing' to challenge the action sought to be adjudicated in the lawsuit." Valley Forge College v. Americans United for Separation of Church and State, Inc., 454 U.S. 464, 471 (1982); LSO, Ltd. v. Stroh, 205 F.3d 1146, 1152 (9th Cir. 2000). Standing under Article III pertains to the Court's subject matter jurisdiction and therefore is "properly raised in a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1)."

White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000). "For purposes of ruling on a motion to dismiss for want of standing, both the trial and reviewing courts must accept as true all material allegations of the complaint and must construe the complaint in favor of the complaining party." Maya v. Centex Corp., 658 F.3d 1060, 1068 (9th Cir. 2011) (quoting Warth v. Seldin, 422 U.S. 490, 501, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975)).

The "irreducible constitutional minimum" of Article III standing has three elements. LSO, 205 F.3d at 1152 (internal quotations omitted). First, plaintiff must have suffered "an injury in fact—an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual and imminent, not conjectural or hypothetical." Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992) (internal citations and quotations omitted). Second, plaintiff must show a causal connection between the injury and the conduct complained of; *i.e.*, "the injury has to be fairly . . . trace[able] to the challenged action of the defendant, and not . . . th[e] result [of] the independent action of some third party not before the court." Id. (quoting Simon v. Eastern Ky. Welfare Rights Organization, 426 U.S. 26, 41-42 (1976)) (alterations in original). Third, it must be "likely," and not merely "speculative," that the plaintiff's injury will be redressed by a favorable decision. Id. at 561. "The party invoking federal jurisdiction bears the burden of establishing these elements." Lujan, 504 U.S. at 561 (internal citations omitted).

## II. Federal Rule of Civil Procedure 12(b)(6)

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a party may move to dismiss for failure to state a claim for relief. Dismissal is warranted under Rule 12(b)(6) where the complaint lacks a cognizable legal theory or fails to allege sufficient facts to support a cognizable legal theory. Li v. Kerry, 710 F.3d 995, 999 (9th Cir. 2013). Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, the plaintiff is required to set forth a "short and plain statement of the claim showing that the pleader is entitled to relief," and "give the defendant fair notice of what the...claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted).

4

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 570). A claim is facially plausible when the factual allegations permit "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. In other words, "the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) (citing Iqbal, 556 U.S. at 678). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

In reviewing a motion to dismiss under Rule 12(b)(6), the reviewing court must assume the truth of all factual allegations and construe them in the light most favorable to the nonmoving party. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337–38 (9th Cir. 1996). However, legal conclusions need not be taken as true merely because they are cast in the form of factual allegations. Ileto v. Glock Inc., 349 F.3d 1191, 1200 (9th Cir. 2003). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.' " Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 557).

### III. Federal Rule of Civil Procedure 9(b)

Rule 9(b) of the Federal Rules of Civil Procedure, requires that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Under Ninth Circuit case law, Rule 9(b) imposes two distinct requirements on complaints alleging fraud. First, the basic notice requirements of Rule 9(b) require complaints pleading fraud to "state precisely the time, place, and nature of the misleading statements, misrepresentations, and specific acts of fraud." Kaplan v. Rose, 49 F.3d 1363, 1370 (9th Cir. 1994); see also Vess v. Ciba-Geigy Corp., U.S.A., 317 F.3d 1097, 1106 (9th Cir. 2003) (citation omitted) (stating that a plaintiff must set forth the "who, what, when, where and how" of the alleged misconduct). Second, Rule 9(b) requires that the complaint

5

"set forth an explanation as to why the statement or omission complained of was false or misleading." Yourish v. California Amplifier, 191 F.3d 983, 993 (9th Cir. 1999) (citation and quotation omitted).

## IV. Judicial Notice

Defendant filed a request for judicial notice in support of its Motion to Dismiss. [Doc. No. 34–2]. This Court may take judicial notice of an adjudicative fact "not subject to reasonable dispute because it can be . . . accurately and readily determined from sources whose accuracy cannot be reasonably questioned." See Fed. R. Evid. 201; Grason Elec. Co. v. Sacramento Mun. Util. Dist., 571 F. Supp. 1504, 1521 (E.D. Cal. 1983). The documents Defendant submits for judicial notice include packaging and labeling for the four Osteo Bi-Flex products [Exhibits 1–4] and an order from the Hon. Michael M. Anello affirming a tentative ruling. [Exhibit 5]. See Doc. No. 34–2. Because the request of judicial notice is capable of accurate and ready determination from sources whose accuracy cannot be reasonably questioned and the parties do not dispute the authenticity of the documents, Defendant's request for judicial notice is **GRANTED**.

## DISCUSSION

Defendant makes several arguments in support of its Motion to Dismiss. First, Defendant argues that because Plaintiff only purchased Osteo Bi-Flex Triple Strength, she lacks standing to assert claims for the remaining Osteo Bi-Flex products. See Doc. No. 34–1, pg. 17–19. Next, Defendant argues that Plaintiff's complaint should be dismissed in its entirety because she has not plausibly alleged that the representations made by Defendant concerning its Osteo Bi-Flex products are false. Id. at 20–26. Finally, Defendant contends that Plaintiff failed to remedy any of the Rule 9(b) deficiencies discussed by this Court in dismissing her original complaint. Id. at pg. 26–27. The arguments will be addressed in turn below.

\\
\\
\\

6

3:17-cv-1243-JAH-JLB

I. **Standing for unpurchased Osteo Bi-Flex products**

Defendant argues that Plaintiff lacks standing to pursue claims as to the products she did not purchase. See Doc. No. 34–1, pg. 17–19. Defendant contends that Plaintiff read and relied solely on the packaging, and claims thereon, of the Osteo Bi-Flex Triple Strength product in making her purchase decision, and because Plaintiff did not purchase–or even rely upon–the three remaining Osteo Bi-Flex products, she lacks standing to pursue claims as to those products. In opposition, Plaintiff argues that the Ninth Circuit has adopted a "class certification" approach where any dissimilarities between the class representative and passive class members is addressed at the class certification stage rather than a motion to dismiss. See Doc. No. 35, pg. 12 (citing Melendres v. Arpaio, 784 F.3d 1254 (9th Cir. 2015)). Plaintiff argues that this "class certification" approach has been applied to UCL and CLRA claims by numerous district courts throughout the Ninth Circuit. Id. In dismissing Plaintiff's initial complaint, this Court held that Plaintiff lacked standing to assert claims for the non-purchased products because she "failed to show how she was injured by products she did not come across or purchase." Doc. No. 30. However, upon reconsideration of Ninth Circuit case law, and in light of Plaintiff's new allegations regarding the similarities between the Osteo Bi-Flex products, the Court finds it appropriate to change course.

In Melendres,[2] the Ninth Circuit Court of Appeals held that "once the named plaintiff demonstrates her individual standing to bring a claim, the standing inquiry is concluded, and the court proceeds to consider whether the Rule 23(a) prerequisites for class certification have been met." Melendres, 784 F.3d at 1262 (quoting 1 William B. Rubenstein, Newberg on Class Actions § 2:6 (5th ed.)). In Kirola v. City & Cty. of San

---

[2] Melendres involved a civil rights class action dealing with racial profiling, and specifically discussed whether plaintiffs had standing to assert claims against defendants for a particular type of police stop, even though they were pulled over under a different stop regime than other class members.

Francisco, the Ninth Circuit applied Melendres to an American with Disabilities ("ADA") claim holding that the plaintiff had standing to challenge the disability access of facilities she never physically visited. 860 F.3d 1164, 1176 (9th Cir. 2017). Defendant argues that these holdings are irrelevant because they do not involve consumer class actions, and cites to numerous UCL and CLRA cases wherein standing was denied to plaintiffs concerning products they did not actually purchase or advertisements they did not rely upon.[3]

The Court need not determine Melendres' applicability here because, as clearly demonstrated by Defendant's cited authority, the majority of Ninth Circuit courts already allow plaintiffs to assert claims for unnamed class members "based on products he or she did not purchase *so long as the products and alleged misrepresentations are substantially similar*." Miller v. Ghirardelli Chocolate Co., 912 F. Supp. 2d 861, 870-72 (N.D. Cal. 2012) (emphasis added); see also Wilson v. Frito-Lay N. Am., Inc., 961 F. Supp. 2d 1134, 1141 (N.D. Cal. 2013) ("Plaintiffs have failed to allege substantial similarity among the Purchased Products and the Non–Purchased Products."); Route v. Mead Johnson Nutrition Co., 2013 WL 658251, at *3 n.4 (acknowledging the plaintiff might have standing with respect to unpurchased products "[i]f all four products (1) contained the same controverted ingredient in the same amount, (2) were subject to the same advertisement campaign and same representations, and (3) the only differences between the products were not germane to Plaintiff's claims. . . ."). Accordingly, Plaintiff will have standing to pursue claims for the unpurchased Osteo Bi-Flex products so long as they are alleged to be substantially similar.

---

[3] Route v. Mead Johnson Nutrition Co., No. CV 12-7350-GW JEMX, 2013 WL 658251, at *1 (C.D. Cal. Feb. 21, 2013); Wilson v. Frito-Lay N. Am., Inc., 961 F. Supp. 2d 1134, 1141-42 (N.D. Cal. 2013); Miller v. Ghirardelli Chocolate Co., 912 F. Supp. 2d 861, 870-72 (N.D. Cal. 2012); Granfield v. NVIDIA Corp., No. 11-cv-05403, 2012 WL 2847575, at *6 (N.D. Cal. July 11, 2012); Hairston v. S. Beach Beverage Co., Inc., No. 12-cv-1429, 2012 WL 1893818, at *5 n.5 (C.D. Cal. May 18, 2012); Mlejnecky v. Olympus Imaging Am. Inc., No. 10-cv-2630, 2011 WL 1497096, at *4-5 (E.D. Cal. Apr. 19, 2011); Carrea v. Dreyer's Grand Ice Cream, Inc., No. 10-cv-1044, 2011 WL 159380, at *3 (N.D. Cal. Jan. 10, 2011); Johns v. Bayer Corp., No. 09-cv-1935, 2010 WL 476688, at *5 (S.D. Cal. Feb. 9, 2010)

Here, Plaintiff has added detail in her FAC about the similarities of the Osteo Bi-Flex products and their packaging. Plaintiff alleges that all Osteo Bi-Flex products contain the same main ingredient–glucosamine hydrochloride–in the same amount per serving. Doc. No. 31, ¶¶ 16–17. Plaintiff further alleges that the front packaging of all Osteo Bi-Flex products is materially identical "and communicates the very same advertising message." Id. at ¶¶ 22, 24. In analyzing the front packaging of all four Osteo Bi-Flex products, the Court notes only minimal differences, including different "sub-names" located under "Osteo Bi-Flex Joint Health" and the color of the packaging. See Doc. No. 34 – 2, Exs. 1–4. Additionally, Plaintiff contends that the same "overall joint health benefits message" is used throughout Defendant's Osteo Bi-Flex products, including affirmations that the products assist with "range of motion," "support flexibility," and "support joint comfort." Doc. No. 31, ¶ 25, Ex. A. The Court finds that Plaintiff has sufficiently alleged substantial similarities between the Osteo Bi-Flex products, and thus has standing to pursue claims for the products she did not purchase. While a different result may be obtained in a motion for class certification, Defendant's motion to dismiss on such a basis must be **DENIED**.

## II. UCL and CLRA Claims

"The UCL prohibits, and provides civil remedies for, unfair competition, which it defines as 'any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising.' " Kwikset Corp. v. Superior Court, 51 Cal.4th 310, 320, 120 Cal.Rptr.3d 741, 246 P.3d 877 (2011) (quoting Cal. Bus. & Prof. Code § 17200). This section establishes three separate and distinct theories of liability. Rubio v. Capital One Bank, 613 F.3d 1195, 1203 (9th Cir. 2010) ("A business act or practice may violate the UCL if it is either 'unlawful,' 'unfair,' or 'fraudulent.' "). To state a claim under the "fraudulent" prong, a plaintiff must allege "members of the public are likely to be deceived" by the defendant's business practices. Schnall v. Hertz Corp., 78 Cal.App.4th 1144, 1167, 93 Cal.Rptr.2d 439 (2000). The "unlawful" prong "borrows" violations of other laws and makes them independently actionable under the UCL. Cel–Tech Commc'ns,

Inc. v. Los Angeles Cellular Telephone Co., 20 Cal.4th 163, 180, 83 Cal.Rptr.2d 548, 973 P.2d 527 (1999). An "unfair" business practice is one that "threatens an incipient violation of an antitrust law, or violates the policy or spirit of one of those laws, or otherwise significantly threatens or harms competition." Id. at 187, 83 Cal.Rptr.2d 548, 973 P.2d 527.

In addition, Plaintiff asserts a claim for a violation of the CLRA. She alleges Defendant violated the CLRA by engaging in the following practices proscribed by California Civil Code § 1770(a):

> (5) Representing that goods . . . have . . . approval, characteristics . . . uses [and] benefits . . . which [they do] not have . . . [;]
> (7) Representing that goods are of a particular standard, quality or grade . . . if they are of another[;]
> (9) Advertising goods . . . with intent not to sell them as advertised[; and]
> (16) Representing that [goods] have been supplied in accordance with a previous representation when [they have] not.

Doc. No. 31, ¶ 128.

The gravamen of Plaintiff's FAC concerns the alleged false and deceptive advertising of Defendant's Osteo Bi-Flex Products. See generally Doc. No. 31. To sufficiently plead a claim for false or misleading advertising claims under the UCL and CLRA, Plaintiff must plausibly allege that Defendant's advertising and marketing are false or misleading in the eyes of a "reasonable consumer." Williams v. Gerber Prods. Co., 552 F.3d 934, 938 (9th Cir.2008) (citing Freeman v. Time, Inc., 68 F.3d 285, 289 (9th Cir.1995). Under the reasonable consumer standard, Plaintiff must "show that 'members of the public are likely to be deceived.' " Freeman, 68 F.3d at 289 (quoting Bank of West v. Superior Court, 2 Cal.4th 1254, 1267 (1992)). "[N]aked assertion[s]" that Defendant's representations are misleading are "nothing more than a legal conclusion", which the Court can ignore. Otto v. Abbott Labs., Inc., No. CV 12-1411-SVW (DTB), 2013 WL 12132064, at *2 (C.D. Cal. Mar. 15, 2013). As such, in order to survive a motion to dismiss, Plaintiff must demonstrate that it is plausible that Defendant's representations were either false or likely to mislead a reasonable consumer.

In granting Defendant's previous motion to dismiss, the Court noted several deficiencies which necessitated dismissal. See Doc. No. 30, pg. 7. The Court found that Plaintiff did not adequately describe the Osteo Bi-Flex labels, nor did she allege how her cited studies were relevant to show the active ingredients in Defendant's products cannot deliver the promised results. Id. Ultimately, the Court determined that Plaintiff failed to plausibly allege that Defendant's advertisement of Osteo Bi-Flex are false or misleading. Id. In her FAC, Plaintiff cites to additional scientific studies, articles, and clinical trials which tested the effects of Osteo Bi-Flex's two main ingredients–glucosamine and chondroitin. See Doc. No. 31 ¶¶ 31–100. Plaintiff alleges that there is substantial scientific evidence to suggest that glucosamine and chondroitin–alone or in combination–do not support or promote joint health as Defendant claims. Id. Defendant contends that Plaintiff's FAC is similarly deficient to her initial complaint. See Doc. No. 34–1, pg. 20. Specifically, Defendant argues that Plaintiff's studies remain irrelevant because the studies only tested whether glucosamine and chondroitin successfully treated osteoarthritis, and they do not directly address the representations made on Osteo Bi-Flex packaging. See Doc. No. 34–1, pg. 20–26. Furthermore, Defendant contends that Plaintiff is unable to plausibly allege that Osteo Bi-Flex does not provide its advertised benefits without a study utilizing all of the active ingredients in its unique formula. Id. at pg. 23–26.

First, the Court disagrees with Defendant's assertion that osteoarthritis related studies are irrelevant for purposes of establishing plausibility in this case. In fact, Defendant cites to several osteoarthritis related studies on the Osteo Bi-Flex packaging in an effort to support and corroborate the efficacy of Osteo Bi-Flex. See Doc. No. 31, ¶ 32. If Defendant can utilize studies involving osteoarthritis subjects to promote and substantiate its product, then certainly Plaintiff can use those same types of studies to plausibly allege the contrary. Moreover, according to the FAC, the findings in the published osteoarthritis studies cited by Plaintiff do not exclusively apply to osteoarthritis sufferers, but instead are equally applicable to those individuals who have yet to be diagnosed. See Doc. No. 31, ¶¶ 31, 32. Secondly, the Court is not persuaded by the Eckler,

Padilla, McCrary, or Murray decisions cited by Defendant. See Doc. No. 34–1, pg. 24–25.[4] These courts held that studies and clinical trials are unable to establish facial plausibility that a product is ineffective when the study does not include *all* of the active ingredients from the contested product. Id. (emphasis added). This Court is of the mind, however, that compelling such a showing would heighten the plausibility standard beyond what Twombly and Iqbal require. Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009) ("A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). If a product's primary ingredients provide no benefits related to joint health, as Plaintiff's studies allegedly show, certainly then a reasonable inference can be drawn that such a product does not provide the joint health benefits it represents. See Vasic v. Patent Health, LLC., No. 13CV849 AJB MDD, 2014 WL 940323, at *4 (S.D. Cal. Mar. 10, 2014). Because the studies cited by Plaintiff examine products with similar active ingredients as Osteo Bi-Flex, the Court finds Plaintiff's claims facially plausible. Whether the remaining ingredients in Osteo Bi-Flex distinguish it from the proffered studies is a factual inquiry, not ripe for review in a motion to dismiss. Thus, the Court finds Plaintiff has plausibly alleged that Defendant's representations of Osteo Bi-Flex are false or misleading, and Defendant's Motion to Dismiss on 12(b)(6) grounds is **DENIED**.

### III. Rule 9(b)

In its final argument for dismissal, Defendant contends that Plaintiff fails to plead her claims with the sufficient particularity as required by Rule 9(b). See Doc. No. 34–1, pgs. 26–27. Defendant further argues that the Rule 9(b) deficiencies noted in this Court's previous order were not rectified in the FAC. Id. at pg. 26. The Court disagrees. As noted

---

[4] Eckler v. Wal-Mart Stores, Inc., No. 12-CV-727-LAB-MDD, 2012 WL 5382218 (S.D. Cal. Nov. 1, 2012); Padilla v. Costco Wholesale Corp., No. 11 C 7686, 2013 WL 195769 (N.D. Ill. Jan. 16, 2013); McCrary v. Elations Co., LLC, No. EDCV 13-0242 JGB OPX, 2013 WL 6402217 (C.D. Cal. Apr. 24, 2013); Murray v. Elations Co., No. 13-CV-02357-BAS WVG, 2014 WL 3849911 (S.D. Cal. Aug. 4, 2014).

above, "[a]verments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." <u>Vess v. Ciba-Geigy Corp., U.S.A.</u>, 317 F.3d 1097, 1106 (9th Cir. 2003) (<u>quoting</u> <u>Cooper v. Pickett</u>, 137 F.3d 616, 627 (9th Cir.1997)). Here, Plaintiff alleges that she relied upon the representations made on the Osteo Bi-Flex product label, specifically those regarding "joint health" when she purchased the Osteo Bi-Flex Triple Strength product from a San Diego Walgreens. Doc. No. 31, ¶ 12. Plaintiff further alleges that Osteo Bi-Flex "cannot provide the promised benefits" and had she "known the truth . . . she would not have purchased Defendant's Osteo Bi-Flex Triple Strength product." <u>Id.</u> Plaintiff's claims are clear: The representations made on Osteo Bi-Flex's packaging and advertising is false and misleading because Osteo Bi-Flex is unable to provide any joint health benefits. This level of specificity is sufficient to provide Defendant with adequate notice of the particular conduct so that it may properly "defend against the charge and not just deny that they have done anything wrong." <u>Bly–Magee v. California</u>, 236 F.3d 1014, 1019 (9th Cir.2001) (internal citations and quotations omitted). Accordingly, Defendant's Motion to Dismiss for failure to plead with sufficient particularity as required by Rule 9(b) is **DENIED**.

## **CONCLUSION AND ORDER**

Based on the foregoing, **IT IS HEREBY ORDERED** that Defendant's Request for Judicial Notice [Doc. No. 34–2] is **GRANTED** and Defendant's Motion to Dismiss Plaintiff's FAC [Doc. No. 34] is **DENIED.**

**IT IS SO ORDERED**.

DATED:   June 13, 2018

_____
JOHN A. HOUSTON
United States District Judge